UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NATHANEL THOMAS WILKERSON,

    Plaintiff,

    v.                         CAUSE NO. 1:22-CV-339-HAB-SLC

MALCOLM,

    Defendant.

## OPINION AND ORDER

Nathanel Thomas Wilkerson, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Wilkerson alleges that he asked Correctional Officer Malcolm why commissary had not yet been distributed. Officer Malcolm responded by indicating that, if Wilkerson had not filed a lawsuit against Officer Nunley, he would have received his commissary goods earlier on the shift.

"To prevail on his First Amendment retaliation claim, [Wilkerson] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a

deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). When determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880-81 (7th Cir. 2020). "[T]he harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. 'Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.'" *Holleman*, 951 F.3d at 880-81 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). Delaying the delivery of commissary goods until the end of an officer's shift is not likely to deter a person of ordinary firmness from engaging in future First Amendment activity. Therefore, this allegation does not state a claim.

Officer Malcolm also indicated that Officer Nunley was right when he said that, if Wilkerson had registered as a sex offender as required, he wouldn't need to worry

2

about how the jail was operated. Because Wilkerson is a pre-trial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Although unprofessional, Officer Malcolm's one-time remark does not rise to the level of a constitutional claim. "[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Where verbal harassment is "fleeing" or "too limited to have an impact" the constitution is not implicated. *Id.* at 358. Although unprofessional, Officer Malcolm's one-time remark made to Wilkerson, without more, does not rise to the level of a constitutional claim.

3

This complaint does not state a claim for which relief can be granted. If Wilkerson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Nathanel Thomas Wilkerson until **January 4, 2023**, to file an amended complaint; and

(2) CAUTIONS Nathanel Thomas Wilkerson that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on December 1, 2022.

        s/Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT